J-S08020-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LOUIS GIANOUKAS | : | |
| | : | |
| Appellant | : | No. 1311 MDA 2020 |

Appeal from the Judgment of Sentence Entered August 31, 2020,
in the Court of Common Pleas of Lancaster County,
Criminal Division at No(s): CP-36-CR-0001049-2020.

BEFORE:   STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY KUNSELMAN, J.:               **FILED APRIL 23, 2021**

Louis Gianoukas appeals from the judgment of sentence imposed after he pled guilty to various sex offenses he committed upon his stepdaughter. We vacate Gianoukas' sentence in part and amend it according to the wishes of the trial court.

The pertinent facts and procedural history are as follows:  On August 31, 2020, Gianoukas entered an open guilty plea to one count each of corruption of minors, a third-degree felony, statutory sexual assault, a first-degree felony, indecent assault,  a second-degree misdemeanor, and unlawful contact with a minor, a first-degree felony.  In lieu of a pre-sentence report, the parties submitted sentencing memoranda, and the trial court immediately sentenced Gianoukas.  The trial court imposed an aggregate 3 to 10 years of

_____

[*] Former Justice specially assigned to the Superior Court.

incarceration, consisting of: Count 1, corruption of minors, 1 to 5 years, Count 2, statutory sexual assault, 2 to 5 years, consecutive to Count 1, Count 5, indecent assault, 1 to 5 years concurrent to Count 1, and Count 7, unlawful contact with a minor, 2 to 5 years, concurrent to Count 2.

On September 10, 2020, Gianoukas filed a post-sentence motion in which he challenged the discretionary aspects of his sentence, and asserted that the 1 to 5-year sentence imposed for Count 5 was illegal because the maximum sentence for a second-degree misdemeanor is two years. *See* 18 Pa.C.S.A. § 1104(2). The trial court denied the motion the same day, and Gianoukas filed this timely appeal. Both Gianoukas and the trial court have complied with Pa.R.A.P. 1925.

On appeal, Gianoukas reiterates his claim that his sentence for Count 5 is illegal because it exceeds the lawful maximum. In response to Gianoukas' Rule 1925(b) statement, the Commonwealth concedes that the sentence is illegal. In lieu of a Rule 1925(a) opinion, the trial court agreed with the parties, and stated that the sentence for Count 5 "should be amended to 1 to 2 years of incarceration.

Our review of the record supports the trial court's recommendation. Therefore, we vacate the sentence of 1 to 5 years of incarceration on Count 5 and amend the sentence on that count to provide 1 to 2 years of incarceration, concurrent to Count 1. In doing so, we note that the trial court's aggregate sentence of 3 to 10 years of incarceration remains unchanged.

Judgment of sentence vacated in part and amended as requested by the trial court. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/23/2021